# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALIVIA BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:23-cv-01089 |
| v. ) | Judge Trauger |
| ) | |
| RED ROBIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alivia Blount filed a pro se complaint against Red Robin. (Doc. No. 1.) The plaintiff also filed an in forma pauperis application that adequately demonstrates she cannot pay the full civil filing fee in advance without "undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); 28 U.S.C. § 1915(a). Accordingly, the application (Doc. No. 2) is **GRANTED**.

The Court must conduct an initial review and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The court then determines if the

allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," *id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and the plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Liberally construing the complaint, the plaintiff brings a claim for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] Title VII is a key part of "the federal policy of prohibiting wrongful discrimination in the [n]ation's workplaces." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Title VII makes it unlawful for an employer to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII discrimination plaintiff must allege that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly situated individuals outside of her protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). A plaintiff need not establish all the prima facie elements of a Title VII claim at this stage, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002),

---

[1] Although the plaintiff utilized the form complaint for civil rights actions against state actors under 42 U.S.C. § 1983, there is no indication that the plaintiff seeks to proceed against a party acting under color of state law. Rather, the complaint and addendum contain enough information for the court to discern that she intends to bring a discrimination claim under Title VII based on wrongful termination.

but she must allege facts sufficient to plausibly suggest an entitlement to relief. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

Here, the complaint alleges that the plaintiff was employed as a server at Red Robin. (Doc. No. 1-1.) During her employment, the plaintiff twice updated her shift availability in the company computer system and missed a team meeting. *Id*. Thereafter, store management terminated the plaintiff's employment by removing her from the work schedule but did not immediately notify the plaintiff. *Id*. The plaintiff alleges that her termination was not "part of the company policy" or in line with company "values," but rather was due to "racial discrimination." *Id*.

These allegations, taken as true, do not provide a plausible basis for a Title VII racial discrimination claim. Critically, the allegations are limited to the plaintiff. The plaintiff does not allege that she was treated differently from similarly situated individuals outside of her protected class. "Instead, all that [the plaintiff] has offered . . . is her own subjective belief that she was . . . discriminated against based on her [race]." *Neff v. City of E. Lansing*, 724 F. App'x 448, 452 (6th Cir. 2018). Although the plaintiff may feel personally aggrieved by her termination, such subjective beliefs alone are insufficient to establish a plausible right to relief. *See Shorter v. Magneti Marelli of Tenn., LLC*, 613 F. Supp. 3d 1044, 1051-52 (M.D. Tenn. 2020) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)). Accordingly, the court concludes that the complaint fails to state a colorable Title VII claim.

For these reasons, the complaint is **DISMISSED**. This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would

not be taken in good faith, the plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge